TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
KATHARINE SCHONBACHLER
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 222875
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3172
    Facsimile: (213) 894-0142
    E-mail: Katie.Schonbachler@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ONE ANTIQUE ROMAN STATUE,<br><br>    Defendant. | No. 2:21-cv-03709<br><br>EX PARTE APPLICATION FOR ORDER APPOINTING THE DEPARTMENT OF HOMELAND SECURITY – U.S. CUSTOMS AND BORDER PROTECTION AS SUBSTITUTE CUSTODIAN IN PLACE OF THE U.S. MARSHALS SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES |

    Pursuant to Supplemental Rule E(4)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Local Rule E.14(a) of the Rules for Admiralty and Maritime Claims, Plaintiff United States of America hereby respectfully applies for an

order appointing the Department of Homeland Security – U.S. Customs and Border Protection as the substitute custodian of the defendant One Antique Roman Statue ("defendant"), in place of the United States Marshals Service.  This application is based on the attached Memorandum of Points and Authorities and the pleadings and file in this case.

Dated: April 30, 2021                                  Respectfully submitted,

                                        TRACY L. WILKISON
                                      Acting United States Attorney
                                      BRANDON D. FOX
                                      Assistant United States Attorney
                                      Chief, Criminal Division
                                      STEVEN R. WELK
                                      Assistant United States Attorney
                                      Chief, Asset Forfeiture Section

                                                      /s/
                                      KATHARINE SCHONBACHLER
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      United States of America

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff United States of America ("plaintiff" or the "government") seeks an order appointing the Department of Homeland Security – U.S. Customs and Border Protection ("CBP") as the substitute custodian in place of the United States Marshals Service ("USMS").

The execution of process and custody of property in civil *in rem* forfeiture matters is governed by Rule G(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and also by Supplement Rule E(4) (to the extent an issue is not addressed by Rule G). Supplemental Rule G(1). Upon the filing of a complaint against property in the government's custody, the clerk of the court must issue an arrest warrant. Supplemental Rule G(3)(b)(I). Ordinarily, the USMS has management, and disposal of seized assets for forfeitures enforced by Department of Justice ("DOJ") agencies (and certain others). However, Supplemental Rule G permits persons other than USMS to execute process where appropriate. Specifically, "[t]he warrant and any supplemental process must be delivered to a person or organization authorized to execute it, who may be: (A) a marshal <u>or any other United States officer or employee</u> . . . or (C) "<u>someone specially appointed by the court for that purpose</u>." Supplemental Rule G(3)(c)(i)(A) and (C)(emphasis added).

Custody of property in an *in rem* case is governed by Supplemental Rule E(4). The appointment of a substitute custodian is a practice contemplated by the Rule and by its complementary Local Rule. Supplemental Rule E(4)(b) ("If tangible property is to be attached or arrested, the marshal or other person or organization having the warrant shall take it into the marshal's possession for safe custody."); Local Admiralty Rule E.14(a) ("When . . . property is brought into the Marshal's custody by arrest or attachment, the Marshal shall arrange for adequate safekeeping . . . . A substitute custodian in place of the Marshal may be appointed by order of the Court.").

In cases brought by non-DOJ agencies such as this matter, the USMS's process and custody duties are handled by others as "substitute custodian" for USMS.

See Asset Forfeiture Policy Manual (2019), Ch. 3, Sec. IV(A) (available at https://www.justice.gov/criminal-afmls/file/839521/download); Scotiabank de Puerto Rico v. M/V Atuti, 326 F. Supp. 2d 282, 284 (D. Puerto Rico 2004) ("A substitute custodian is held to the same standard of care as the U.S. Marshals, which is essentially a reasonable standard of care."). Here, the seizing and investigating agency is CBP, which is within the Department of Homeland Security. Accordingly, the USMS is not the proper custodian of the defendants, and CBP should be appointed to be the custodian and to execute process.

For these reasons, the government respectfully requests that the Court appoint CBP as the substitute custodian in place of the USMS.

Dated: April 30, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

         /s/
KATHARINE SCHONBACHLER
Assistant United States Attorney

Attorneys for Plaintiff
United States of America